**IN THE UNITED STATES DISTRICT COURT FOR THE**
**EASTERN DISTRICT OF VIRGINIA**
Norfolk Division

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v.          ) | CRIMINAL NO. 2:10cr122 |
| ) | |
| SCOTTIE LEE MARTINEZ   ) | |
| ) | |
| Defendant.   ) | |

**POSITION OF THE UNITED STATES WITH RESPECT TO SENTENCING**

The United States of America, by Neil H. MacBride, United States Attorney, and Elizabeth M. Yusi, Assistant United States Attorney, offers this position paper regarding defendant's objections to the Presentence Investigation Report (PSR) and the sentencing factors stated in 18 U.S.C. §3553(a). The Government has no objection to the content of the PSR. According to the PSR, the correct advisory calculation under the United States Sentencing Guidelines (U.S.S.G. or "Guidelines") is life[1] imprisonment. Based on the nature of the offenses, the defendant's characteristics, and related conduct, the United States asks the Court to impose the maximum sentence of imprisonment of eighty (80) years. In support of its position, the Government states as follows:

---

[1] According to the PSR, the high end of the Guidelines range is restricted to 960 months because the statutory maximum sentence defendant can receive is 30 years imprisonment for Counts One and Two and 20 years imprisonment for Count Three of the Criminal Information. If the Guidelines range exceeds the statutory maximum for one count, and defendant is convicted of multiple counts, the Court can consecutively "stack" the maximum statutory penalties for the multiple counts. U.S.S.G. § 5G1.2; *see also United States v. Allen*, 491 F.3d 178, 195 (4th Cir. 2007).

## I. BACKGROUND

On July 21, 2010, defendant SCOTTIE LEE MARTINEZ ("defendant" or MARTINEZ) pleaded guilty before this Court to an Information charging him with two counts of Production of Child Pornography, in violation of 18 U.S.C. §§ 2251(a) and (e), and one count of Abusive Sexual Contact, in violation of 18 U.S.C. §§ 2244(a)(1) and (c).[2]  Defendant's guilty plea was accepted by the Court.  On October 7, 2010, defendant filed a Motion to Withdraw Guilty Pleas, with which MARTINEZ attempted to withdraw his pleas of guilty involving two of the three victims who were subjects of two counts of the Criminal Information.  The Court denied defendant's Motion on October 29, 2010.

The investigation of the defendant began when MARTINEZ was activated as a United States Navy (USN) Reservist, whereupon he traveled to Norfolk, Virginia, from his home in Dumfries, Virginia, to prepare for deployment to Qatar.  MARTINEZ traveled to Norfolk with his personal laptop computer.  On March 1, 2010, a Captain with the United States Air Force (USAF) located at Camp As Sayliyah, Qatar, notified the Provost Marshal Office that she identified suspected child pornography while logged onto the office network.  The Captain stated that while she was utilizing the office "white line," an Internet line used in the office that allowed deployed Government users to surf the Internet, she opened a feature in the iTunes software application on her personal computer and saw a file named indicative of child pornography in the shared electronic library titled "Scottie's Frostwire Tunes."  With the assistance of other officers, MARTINEZ was found to be the individual possessing the child

---

[2]  The maximum penalty for a violation of 18 U.S.C. § 2251(a) is thirty (30) years imprisonment.  The maximum penalty for a violation of 18 U.S.C. § 2244(a)(1) as it was current in 2004, the time of the offense, is twenty (20) years imprisonment.

pornography.  A USAF Security Forces Investigator in Qatar obtained written consent from MARTINEZ for the search and seizure of defendant's laptop computer and other electronic media.

A forensic analysis was performed on MARTINEZ's personal laptop computer, which resulted in a report of thousands of images and videos depicting minors engaged in sexually explicit conduct, as defined by 18 U.S.C. § 2256(2).  Of those images, 44 known child pornography images were identified in the FBI Child Victims Identification Program (CVIP) index.  The files were created starting in March 2008 and continued until January 2010.

In addition to these images, approximately 600 additional images and videos were found on one of MARTINEZ's computers depicting Jane Doe 1, a minor who was between 9 years-old and 13 years-old during the period of time the images and videos were produced by MARTINEZ.  The images and videos depict Jane Doe 1 sleeping, clothed, nude, and engaged in sexual activity with MARTINEZ.  The sexual activity included oral sex, vaginal penetration, anal penetration, kissing, fondling, and use of sex toys.  The forensic analysis also revealed several images on the same computer depicting Jane Doe 2.  The images depict Jane Doe 2 nude and engaged in sexually explicit conduct when Jane Doe 2 was 5 years-old.

During the investigation, NCIS also discovered that beginning in or about May 2001, while MARTINEZ was an active duty officer with the USN stationed at Naval Air Station Keflavik, Iceland (NAS Keflavik), MARTINEZ sexually abused a minor girl who, at the time, was between the ages 7 and 9 years-old.

At the time of his arrest, MARTINEZ was employed as a Senior Intelligence Officer with the Office of Military Commissions at the Pentagon in Arlington, Virginia.

## II. STANDARDS GOVERNING SENTENCING

In three recent opinions, the Supreme Court pronounced a new sentencing regime. In *United States v. Booker*, 543 U.S. 220 (2005), the Supreme Court rendered the Sentencing Guidelines purely advisory, but emphasized that a sentencing court must consider both the Guidelines and the 18 U.S.C. § 3553(a) factors when making a sentencing decision. *Id.* at 264. The Supreme Court reaffirmed this principle in *United States v. Kimbrough*, 128 S. Ct. 558 (2007), emphasizing that "the Guidelines, formerly mandatory, now serve as one factor among several courts must consider in determining an appropriate sentence." *Id.* at 564. Finally, in *Gall v. United States*, 128 S. Ct. 586 (2007), the Supreme Court instructed that the sentencing court should calculate the Sentencing Guideline range, permit the Government and the defendant "an opportunity to argue for whatever sentence they deem appropriate," consider all of the § 3553(a) factors, and finally pronounce a sentence taking into account all of the relevant factors. *Id.* at 596-97. The *Gall* Court further instructed that, in the event that the sentencing court decides to impose a variance sentence, the court "must consider the extent of the deviation and ensure that the justification is sufficiently compelling to support the degree of the variance." *Id.* (noting that a "major departure should be supported by a more significant justification than a minor one.").

Applying these standards, the Fourth Circuit has concluded that a sentencing court must: "(1) properly calculate the Guideline range; (2) allow the parties to argue for the sentence they deem appropriate and determine whether the § 3553(a) factors support the sentences requested by the parties; and (3) explain its reasons for selecting a sentence." *United States v. Simmons*,

269 Fed. Appx. 272 at *1 (4th Cir. 2008) (*citing United States v. Pauley*, 511 F.3d 468, 473 (4th Cir. 2007)).

### III. THE PROBATION OFFICE PROPERLY CALCULATED THE ADVISORY SENTENCING GUIDELINE RANGE OF LIFE IMPRISONMENT

The Probation Office properly calculated the advisory sentencing guideline range of life imprisonment. However, the Court is restricted to the maximum statutory penalty when the maximum penalties are stacked, which is eighty (80) years imprisonment.

The Government has no objections to the calculation of this guideline range. However, the defendant has numerous objections to factual assertions made in the PSR. The majority of defendant's objections deal with facts he stipulated to in the Statement of Facts accepted by the Court in support of his pleas of guilty. *See* Dkt. 21 Statement of Facts. The remainder of defendant's objections have no bearing on the calculation of the Guidelines.

### IV. FACTORS UNDER 18 U.S.C. § 3553(a)

Under 18 U.S.C. § 3553(a), when imposing a sentence, the Court should consider (1) the nature and circumstances of the offense, (2) the history and characteristics of the defendant, (3) the need for the sentence imposed to promote the goals of sentencing, (4) the kinds of sentences available, (5) the sentencing guideline range, (6) any pertinent policy statement issued by the Sentencing Commission, (7) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct, and (8) the need to provide restitution to any victims of the offense.

#### A. Nature and Circumstances of the Offense

The nature of the charges to which the defendant has pleaded guilty, production of images of minors engaging in sexually explicit conduct and abusive sexual contact, in and of

itself calls for a substantial term of imprisonment.  Further, the circumstances surrounding MARTINEZ's offense conduct support an even harsher penalty due to his number of victims, the length of time he abused the victims, and his authoritative role over the victims.

MARTINEZ sexually abused three different girls over the past decade.  He even memorialized the abuse against Jane Doe 1 and Jane Doe 2 in videos and photographs.  For each of his victims, MARTINEZ served in a role of trust and authority.  MARTINEZ twisted that trust and authority to satisfy his own perverted sexual desires.  In addition, MARTINEZ began the abuse of these girls while they were very young; he began the abuse with each victim when they were between the ages of 5 and 7 years-old.  The Government requests a severe term of imprisonment for MARTINEZ so that he may never have the opportunity to "groom" and abuse young children again.

Defendant's other child pornography activities are serious as well.  As described in the PSR,  defendant's collection of videos and images of other people's minor victims involved hard core child pornography, including the violent rape and molestation of extremely young boys and girls. One video was 24 minutes in length.  Some of these images and videos involved bondage and other sadistic and masochistic conduct.

The Government could expound *ad nauseam* on the horrendous criminal behavior of MARTINEZ.  However, the Court need only look at the titles MARTINEZ chose for his self-made videos of the abuse of Jane Doe 1 to see a glimpse into MARTINEZ's crimes: "[DATE]

bleed bitch...," "[DATE] last 11 yo[3] fu** with [MARTINEZ]...,"[4] "[DATE] morning quickie..." "[DATE] first orgasm as a 12yo...," "[DATE] 12yo fu** fanta..."

In short, the exceptional facts and circumstances of this case warrant a maximum sentence of incarceration.

### B. Defendant's History and Characteristics

MARTINEZ is an educated man who was serving the nation as a member of the United States Navy and an official at the Pentagon. However "noble" MARTINEZ may have appeared on paper, though, his egregious actions against multiple children over the course of the past decade eradicate any perceivable "good" he contributed to this society.

Not only are MARTINEZ's crimes horrible, his continued minimization of the abuse and his denial of the abuse of two of the victims further add to the injury and atrocity of his crimes. When MARTINEZ pleaded guilty to the crimes, he admitted, under oath, to the sexual abuse of Jane Doe 1, Jane Doe 2, and Jane Doe 3. MARTINEZ also swore that the Statement of Facts was true and correct. Now, he claims he is innocent of the crimes involving Jane Doe 2 and Jane Doe 3. He has not accepted responsibility for his actions against Jane Doe 2 and Jane Doe 3, despite his former admissions and evidence supporting the truth of the matter.

Further, MARTINEZ completely minimizes his abuse of Jane Doe 1. In a letter to the Probation Officer, he calls his actions merely "unacceptable" and that he did not "abuse" Jane Doe 1. During his interview with the Probation Officer, MARTINEZ described his sexual abuse

---

[3] The term "yo" or "y.o." is commonly used by those who collect child pornography to refers to "years old."

[4] The video was produced by MARTINEZ right before Jane Doe 1's twelfth birthday.

of Jane Doe 1as "inappropriate."  Perhaps MARTINEZ simply chose his words poorly.  Or rather, the Government avers that MARTINEZ does not see his actions in what they truly are- flagrant and reprehensible.

In talking about his current situation, MARTINEZ states he wants to be there for his victims and "tell them it's all going to be okay."  *See* August 10, 2010 Martinez Letter to U.S. Probation, p. 4.  MARTINEZ's letter continues on about all of the things he plans to accomplish after his imprisonment so that he can support his family and help others.  MARTINEZ's focus of his letter is on himself, just like his self-serving criminal actions against the victims that lead to his current incarceration.  The Government requests the Court to consider MARTINEZ's unrepentant behavior in fashioning an appropriate term of imprisonment.

The defendant has no criminal history concerning the sexual abuse of minors.  However, MARTINEZ's official criminal history is completely understated and does not include MARTINEZ's actions over the past 10 years.  According to his victims, MARTINEZ has been abusing girls starting at the beginning of 2001.  However, MARTINEZ had not been arrested and charged for these actions until now.  For this reason, the Government believes his criminal history is under-inclusive and requests the Court to take this into consideration in its imposition of a sentence of imprisonment.

    **C.**  **Need to Deter Future Criminal Conduct and to Protect the Public**

Defendant's sentence needs to accomplish the twin goals of deterring the defendant from engaging in future criminal conduct and to protect the public.  As discussed herein and in the PSR, MARTINEZ has a long history of sexually abusing minors.  The Government avers that the likelihood that MARTINEZ will return to this predatory behavior in the future is strong.  Due to

the seriousness of the offenses and MARTINEZ's contribution to the child pornography trade, as set forth above, adequate punishment, deterrence and protection of the public all call for a severe sentence for MARTINEZ's offenses.  18 U.S.C. § 3553(a)(2).

### D. Need to Provide Treatment to Defendant

Due to the nature and duration of the defendant's crimes, defendant should be ordered to participate in a sex offender treatment program while incarcerated.

### E. Need to Avoid Unwarranted Sentencing Disparities

MARTINEZ's crimes, history and characteristics, along with his actions related to the crimes of conviction, all support a severe sentence of imprisonment.  The severe sentence requested by the Government would place the defendant in the same position as many defendants charged with the same or similar child pornography and sexual abuse offenses.  As such, the need to avoid unwarranted sentence disparities clearly weighs in favor of a severe Guidelines sentence.  18 U.S.C. § 3553(a)(6).

## V. CONCLUSION

The Government agrees that the PSR's Guidelines calculations are correct. For the reasons stated above, the Government asks the Court to impose a maximum sentence of imprisonment.

                      Neil H. MacBride
                      UNITED STATES ATTORNEY

By:       /s/
                      Elizabeth M. Yusi
                      Assistant United States Attorney
                      Attorney for the United States
                      United States Attorney's Office
                      101 West Main Street, Suite 8000
                      Norfolk, VA 23510
                      Office Number:  757-441-6331
                      Facsimile Number: 757-441-6689
                      E-Mail Address: elizabeth.yusi@usdoj.gov

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 11th day of January, 2011, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send a notification of such filing (NEF) to the following:

Greg D. McCormack, Esq.
Jarrett L. McCormack, Esq.
McCormack & McCormack, P.C.
611 Lynnhaven Parkway, Suite 200
Virginia Beach, Virginia 23452
(757)463-7224
(757)463-5171
gdm@militarylawyers.org

I certify that on this 11th day of January, 2011, I caused a true and correct copy of the foregoing Position of the Government with Respect to Sentencing Factors to be sent to the following:

Tara R. Gill
U.S. Probation Officer
600 Granby Street, Suite 200
Norfolk, Virginia 23510

/s/
Elizabeth M. Yusi
Assistant United States Attorney
Attorney for the United States
United States Attorney's Office
101 West Main Street, Suite 8000
Norfolk, VA 23510
Phone: 757-441-6331
Fax: 757-441-6689
Email: elizabeth.yusi@usdoj.gov